IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME DOLLEAR, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 05 C 624 |
| G.F. CONNELLY MECHANICAL CONTRACTORS, INC., et al., | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

G.F. Connelly Mechanical Contractors, Inc. and George F. Connelly individually (collectively "Connellys") have filed a timely Notice of Removal ("Notice") to bring this action from the Circuit Court of Cook County to this District Court on the asserted ground of federal preemption--what is frequently termed "field preemption"--because the claims of plaintiff Jerome Dollear ("Dollear"), though each is framed in state law terms, are said by Connellys' counsel to implicate a collective bargaining agreement by necessity, thus assertedly calling into play Section 301 of the Labor Management Relations Act ("Section 301," 29 U.S.C. §185). Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) defines the threshold responsibility of each District Judge in such removed cases, as well in those initially filed in the District Court:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

This Court has done just that and, because it finds Connellys'

position to be conceptually flawed, it has determined that federal subject matter jurisdiction is lacking and that an immediate remand is called for.

Dollear is a now-retired corporate employee who served nearly the last quarter century of his tenure there as a Shop Superintendent. According to Notice ¶¶7-12, which this Court accepts as true for present purposes, the corporate defendant has continuously been a member of the Mechanical Contractors Association and hence bound by a series of collective bargaining agreements ("CBAs") between that association and Pipe Fitters Association, Local Union 597, U.A. ("Local 597"). Notice ¶¶10-12 also state that a Shop Superintendent such as Dollear, in addition to the rank and file employees doing pipefitting work, is included in the CBAs' bargaining unit.

But the gravamen of Dollear's suit--sounding as it does in state law claims of breach of contract (Count I), asserted violation of the Illinois Wage Payment and Collection Act (Count II), promissory estoppel (Count III) and fraudulent misrepresentation (Count IV)--does not stem from CBA-negotiated terms at all. Instead it relies on an individual "Bonus Contract" dated July 6, 1981 (a copy of which is an exhibit to Dollear's Complaint), under which Dollear was given the right to receive--as a special incentive--bonuses based on 7% of the "adjusted gross profit" from certain of the company's contracting

2

projects--"the jobs that he is directly responsible for."

It has been nearly two decades since a unanimous Supreme Court in <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202 (1985), in the course of defining the scope of the preemptive force of Section 301, said expressly that claims such as Dollear's are <u>not</u> embraced by that concept (<u>id</u>. at 211):

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by §301 or other provisions of the federal labor law. Section 301 on its face says nothing about the substance of what private parties may agree to in a labor contract.

For a short time our Court of Appeals did not appreciate the full impact of that distinction, so that it had to be corrected by the Supreme Court's unanimous reversal in <u>Lingle v. Norge Div'n of Magic Chef, Inc.</u>, 486 U.S. 399 (1988) of the Court of Appeals' en banc decision (823 F.2d 1031 (7th Cir. 1987)) that had applied the preemption doctrine to a state tort remedy. But that has long since ceased to be the case--our Court of Appeals has since held that even disputes that tangentially involve a CBA provision may not be preempted (<u>In re Bentz Metal Prods. Co.</u>, 253 F.3d 283 (7th Cir. 2001)). And the <u>Lueck</u>-announced principle has been reconfirmed by the Supreme Court itself in such cases as <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 123-24 (1994):

> In <u>Lueck</u> and in <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988),...we stressed that it is the legal character of a claim, as "independent" of rights under the collective-bargaining agreement, <u>Lueck</u>, <u>supra</u>, 471

3

U.S., at 213, 105 S.Ct., at 1912...that decides whether a state cause of action may go forward.

In this instance Dollear plainly does not predicate his claims in any respect on the CBA covering the bargaining unit of which he was said to be a member. To the contrary, he has advanced his individualized claims under an independent Bonus Contract that does not depend on the CBA in any respect. And his Illinois Wage Act claim is based squarely on the nonpayment of those bonuses, so that it too is totally independent of the CBA wages and is thus wholly unlike the Wage Act claim considered by our Court of Appeals in Baker v. Kingsley, 387 F.3d 649, 657-60 (7th Cir. 2004).

Despite the clear absence of any Section 301 preemption in the circumstances, Connellys' counsel has advanced several contentions in the Notice that seek to "make the worse appear the better reason."[1] But it is simply not true, for example, that the Bonus Contract altered the terms and conditions of Dollear's employment in a way that was within Local 597's exclusive province as bargaining agent (Notice ¶¶24-25), or that the addition of payments called for by the Bonus Contract somehow rendered the terms and conditions of his employment <u>less</u> favorable (!), so as to run afoul of the CBA's prohibition in

---

[1] That apt turn of phrase was first employed by Diogenes Laertius about 200 A.D. in his Socrates, then was repeated by John Milton in Paradise Lost Book II well over 1400 years later.

4

that regard (Notice ¶¶26-28), or that the CBA had to be construed to determine "the jobs that [Dollear] is directly responsible for" within the meaning of the Bonus Contract (Notice ¶29). Nor does any of the even more attenuated (if possible) arguments presented in Notice ¶¶31-33 as to the claimed need to interpret the CBAs carry any persuasive force.

In sum, this Court finds that Dollear's claims here lie well within the ambit of the language quoted in this opinion from Lueck, as well as the last-quoted language from Livadas that rejects the preemption of claims such as Dollear's because they are "'independent' of rights under the collective-bargaining agreement." And no other claimed predicate exists for the assertion of federal jurisdiction over this action. That being so, "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)("Section 1447(c)")), and this Court complies with the mandate of the same subsection that "the case shall be remanded." This Court so orders under Section 1447(c), and as permitted by this District Court's LR 81.2(b) the Clerk is ordered to mail the certified copy of the remand order forthwith.

                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: February 4, 2005